UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL SAMMS,

               Plaintiff,

v.

| | |
|---|---|
| BRIAN FISCHER, Comm'r of the Dep't of Corr. Servs.; LUCIEN J. LeCLAIRE, JR., Deputy Comm'r of Corr. Facilities; S.B. DUNCAN, Senior Investigator; NORMAN BEZIO, Dir. of Special Housing and Inmate Disciplinary Programs; JAMES FERRO, Staff Inspector Gen.; H. REINHOLD, Staff Counsel; MICHAEL HOGAN, Chairman Facility Operation; MR. DROWN, Comm'r Hearing Officer; DALE ARTUS, Superintendent of Clinton Corr. Facility; S.E. RACETTE, Deputy Superintendent of Sec. and Comm. Chairman; and JOSEPH P. PORCELLI, Guidance Counselor, | 9:10-CV-0349 (GTS/GHL) |

               Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MICHAEL SAMMS, 07-A-4065<br>  Plaintiff, *Pro Se*<br>Attica Correctional Facility<br>Box 149<br>Attica, New York 14011 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the State of New York<br>  Counsel for Defendants<br>The Capitol<br>Albany, New York  12224 | CHARLES J. QUACKENBUSH, ESQ.<br>Assistant Attorney General |

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANUM-DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Michael Samms ("Plaintiff") against the eleven above-captioned individuals ("Defendants"), are the following: (1) Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Dkt. No. 44); (2) United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that Defendants' motion be granted in part and denied in part such that certain of Plaintiff's claims be conditionally dismissed unless the deficiencies in them are corrected in an Amended Complaint (Dkt. No. 61); and (3) Plaintiff's Objection to the Report-Recommendation (Dkt. No. 63). For the following reasons, Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety; certain of Plaintiff's claims are conditionally dismissed; and Plaintiff is permitted thirty (30) days from the filing date of this Decision and Order to file an Amended Complaint correcting the deficiencies in those claims or they will be dismissed with prejudice.

**I.      RELEVANT BACKGROUND**

   **A.      Plaintiff's Complaint**

Plaintiff filed his Complaint in this action on March 25, 2010. (Dkt. No. 1.) Generally, in his Complaint, Plaintiff alleges that, on January 11, 2008, he was transferred to Clinton Correctional Facility from Downstate Correctional Facility, and immediately placed in the Special Housing Unit without cause, where he remained housed for a period of approximately two years. (Dkt. No. 1.) For a more detailed recitation of the factual allegations asserted in Plaintiff's Complaint, the Court refers the reader to that Complaint in its entirety, and Magistrate Judge Lowe's Report-Recommendation, which accurately describes those factual allegations. (*See generally* Dkt. Nos. 1, 61.)

Construed with the utmost of special liberality, Plaintiff's Complaint asserts the following five claims against Defendants: (1) a claim that Defendants denied him the right to *procedural* due process in violation of the Fourteenth Amendment arising from his initial and continued confinement in administrative segregation; (2) a claim that Defendants denied him the right to *substantive* due process in violation of the Fourteenth Amendment arising from his confinement in administrative segregation (and his conditions of confinement in that segregation); (3) a claim that Defendants denied him equal protection in violation of the Fourteenth Amendment; (4) a claim that Defendants caused him to suffer cruel and unusual conditions of confinement in violation the Eighth Amendment; and (5) a claim that Defendants conspired to cause him to suffer cruel and unusual conditions of confinement (under the Eighth Amendment) in violation of 42 U.S.C. § 1983.  (Dkt. No. 1.)  For a more detailed recitation of Plaintiff's claims, the Court refers the reader to the Complaint in its entirety, and Magistrate Judge Lowe's Report-Recommendation, which accurately describes those claims.  (Dkt. Nos. 1, 61.)

      **B.**    **Defendants' Motion**

On August 20, 2010, Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Dkt. No. 44.)  Generally, in their motion, Defendants argue as follows: (1) to the extent that Plaintiff's Fourteenth Amendment due process and equal protection claims are based on his *initial* confinement in administrative segregation, those claims should be dismissed because the factual allegations of Plaintiff's Complaint, and the documents attached to his Complaint, do not plausibly suggest that his initial confinement in administrative segregation violated his rights under the Fourteenth Amendment; (2) to the extent that Plaintiff's Fourteenth Amendment due process and equal protection claims are based on his *continued* confinement in

administrative segregation (i.e., for a period of approximately two years), those claims should be dismissed because the factual allegations of Plaintiff's Complaint, and the documents attached to his Complaint, do not plausibly suggest that his continued confinement in administrative segregation violated his rights under the Fourteenth Amendment; and (3) Plaintiff's Eighth Amendment conditions-of-confinement claim and Section 1983 conspiracy claim must be dismissed because his allegations with regard to those claims are entirely conclusory. (*Id.*)

On November 22, 2010, Plaintiff filed a response to Defendants' motion. (Dkt. No. 56.) In his response, Plaintiff argues that none of his claims should be dismissed because the allegations in his Complaint, coupled with the documents attached to his Complaint, plausibly suggest each of the claims asserted. (*Id.*)

### C. Magistrate Judge Lowe's Report-Recommendation

On March 25, 2011, Magistrate Judge Lowe issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part. (Dkt. No. 61.) More specifically, Magistrate Judge Lowe recommended that the following claims be conditionally dismissed unless the deficiencies in them are corrected in an Amended Complaint: (1) Plaintiff's Fourteenth Amendment procedural due process claim to the extent it is based on his *continued* confinement in administrative segregation; (2) Plaintiff's Fourteenth Amendment substantive due process claim in its entirety; (3) Plaintiff's Fourteenth Amendment equal protection claim in its entirety; and (4) Plaintiff's Section 1983 conspiracy claim in its entirety. (Dkt. No. 61, at Parts III.A., III.B., and III.C.)

Magistrate Judge Lowe further recommended that the following claims survive Defendants' motion for judgment on the pleadings: (1) Plaintiff's Fourteenth Amendment procedural due process claim to the extent it is based on his *initial* confinement in administrative

segregation; and (2) Plaintiff's Eighth Amendment conditions-of-confinement claim. (Dkt. No. 61, at Parts III.D and III.E.)

      **D.**      **Plaintiff's Objection**

On April 11, 2011, Plaintiff filed an Objection to the Report-Recommendation. (Dkt. No. 63.) In his Objection, Plaintiff argues as follows: (1) his procedural due process claim based on his retention in administrative segregation should not be dismissed because the allegations in his Complaint and the attached exhibits plausibly suggest that Defendants periodic reviews were "perfunctory" and not "meaningful[,]" as required by administrative segregation requirements; (2) his substantive due process claim should not be dismissed because the allegations in his Complaint and the attached exhibits plausibly suggest that Defendants decision to keep him in administrative segregation was arbitrary, a fact Magistrate Judge Lowe failed to address in his Report-Recommendation; and (3) his equal protection claim should not be dismissed because the allegations in his Complaint and the attached exhibits plausibly suggest that Defendants treated Plaintiff differently than similarly situated inmates by confining him to administrative segregation for twenty-two months without adequate due process. (*Id.*)

**II.**      **APPLICABLE LEGAL STANDARDS**

      **A.**      **Standard of Review Governing a Report-Recommendation**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).[1]

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or

manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.      Standard Governing Review of Motions for Judgment on the Pleadings**

Magistrate Judge Lowe correctly recited the legal standard governing motions for

---

when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]      *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

judgment on the pleadings. (Dkt. No. 61, at Part II.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties. The Court will add only a few words regarding what documents are considered when a dismissal for failure to state a claim (or a dismissal on a motion for judgment on the pleadings) is contemplated.

Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[3] Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers

---

[3] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case).

are consistent with the allegations in the complaint.[4]

## III. ANALYSIS

As an initial matter, Plaintiff has not objected to the portion of Magistrate Judge Lowe's Report-Recommendation recommending the dismissal of Plaintiff's conspiracy claim. As a result, the Court need review that portion of the Report-Recommendation for only clear error or manifest injustice. After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's Report-Recommendation, and Plaintiff's Objection thereto, the Court concludes that this portion of the Report-Recommendation is thorough, well-reasoned and correct. Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court adopts the portion of the Report-Recommendation recommending dismissal of Plaintiff's conspiracy claims for the reasons stated therein. The Court notes that this portion of Magistrate Judge Lowe's Report-Recommendation would survive even a *de novo* review.

With regard to the portion of Magistrate Judge Lowe's Report-Recommendation recommending the dismissal of Plaintiff's equal protection claim, Plaintiff argues in his Objection that he has been "treated differently from a slew of other inmates that have similar

---

[4] *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

records . . . and even those that have worse, in which they were not stripped of their liberty interest and subjected to all the atrocities and hardships that [he] was forced to endure[,]" and that "the other inmates . . . mentioned . . . in the 'same newspaper article that was used to confine [him] in admin seg' remained in the general population without being singled out and stripped of their liberty interest[.]" (Dkt. No. 61.) As an initial matter, this argument was introduced by Plaintiff for the first time through an affirmation attached to his memorandum of law in response to Defendants' motion for judgment on the pleadings. (Dkt. No. 56.) Because Plaintiff merely reiterates the same arguments taken in his original papers submitted to Magistrate Judge Lowe, the Court need review this portion of the Report-Recommendation for only clear error or manifest injustice. *See*, *supra*, Part II.A. of this Decision and Order. After carefully reviewing all of the papers in this action, the Court finds that this portion of the Report-Recommendation survives such a review.

Moreover, even if the Court were to subject this portion if the Report-Recommendation to *de novo* review, it would survive that review. This is because the Court need not, and would not, construe Plaintiff's affirmation as effectively amending his Complaint because (1) its omission from Plaintiff's descriptive and lengthy Complaint (which totals 103 pages in length, including exhibits) is conspicuous, rendering it inconsistent with that Complaint, and (2) it is not integral to the Complaint and/or incorporated by reference therein.[5] In any event, and more importantly, even if the Court were to so construe Plaintiff's Complaint, the factual allegations contained in Plaintiff's affirmation do not satisfy the rigorous class-of-one standard. This is because Plaintiff has failed to allege facts plausibly suggesting that (1) these "similarly situated"

---

[5] *See, e.g., Mortimer Excell v. Fischer*, 08-CV-0945, 2009 WL 3111711, at *1 (N.D.N.Y. Sept. 24, 2009) (Treece, M.J. adopted by Hurd, J.) (declining to consider exhibits attached to supplemental briefs filed by plaintiff in opposition to defendant's motion to dismiss).

inmates were incarcerated at the same facility as him (such that Defendants could have treated him differently), and/or (2) his continued confinement in administrative segregation was either "irrational and wholly arbitrary," or "motivated by animus."[6]

With regard to the two remaining portions of Magistrate Judge Lowe's Report-Recommendation to which Plaintiff's Objection does specifically challenge–i.e., Magistrate Judge Lowe's recommendation regarding Plaintiff's procedural due process claim under the Fourteenth Amendment, and Magistrate Judge Lowe's recommendation regarding Plaintiff's substantive due process claim under the Fourteenth Amendment–a *de novo* review is appropriate. *See*, *supra*, Part II.A. of this Decision and Order. After carefully reviewing all of the papers in this action (including Plaintiff's Complaint, the documents attached to the Complaint, the referenced portions of the Magistrate Judge Lowe's Report-Recommendation, and Plaintiff's Objection), the Court concludes that the referenced portions of the Report-Recommendation are correct in all respects. Magistrate Judge Lowe employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court also accepts and adopts these portions of the Report-Recommendation for the reasons stated therein. The Court would add only two points.

First, with regard to Plaintiff's procedural due process claim based on his continued confinement in administrative segregation, contrary to the argument raised in his Objection, Plaintiff's Complaint does not allege facts plausibly suggesting that the newspaper article that

---

[6] To state a class-of-one equal protection claim, "a plaintiff must allege (1) that he was intentionally treated differently from other similarly situated individuals[,] and (2) that the disparate treatment was either (a) 'irrational and wholly arbitrary[,]' or (b) motivated by animus." *McCarroll v. Matteau*, 09-CV-0355, 2010 WL 2346327, at *7 (N.D.N.Y. May 17, 2010) (Lowe, M.J.), *adopted by* 2010 WL 2346324 (N.D.N.Y. June 9, 2010) (Mordue, C.J.).

described Plaintiff a "violent-prone criminal[] who need[s] extra attention" is "incorrect/wrong and false." Moreover, the factual allegation that the facility committee recommended that Plaintiff be placed in a "closely monitored population" rather than administrative segregation in March 2009 does not, by itself, plausibly suggest Defendant LeClaire's decision not to follow that recommendation constitutes a violation of Plaintiff's due process rights. *See Giano v. Kelly*, 89-CV-0727, 2000 WL 876855, at \*17 (W.D.N.Y. May 16, 2000) (noting that periodic reviews do not require the presence of the accused and do not require the reviewer to "always consider new information, since the original reasons for placing the inmate in [administrative segregation] may continue to be compelling").

Second, and finally, with regard to Plaintiff's substantive due process claim, as Magistrate Judge Lowe pointed out, "[s]ubstantive due process protects individuals against government action that is arbitrary, . . . conscience-shocking, . . . ***or*** oppressive in a constitutional sense, . . . but not against constitutional action that is incorrect or ill-advised." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) [emphasis added]. Thus, the Court rejects Plaintiff's argument that this claim should survive because Magistrate Judge Lowe failed to address whether Defendants' actions were arbitrary. Moreover, based on Plaintiff's own factual allegations and the documents attached to his Complaint, it is clear that Plaintiff has a history of violent conduct; and "a violent history, as well as a history for disobeying orders, creates 'at least the potential for disruption of the order and security of the prison.'" *Proctor v. Kelly*, 05-CV-0692, 2008 WL 5243925, at \*6 (N.D.N.Y. Dec. 16, 2008) (Suddaby, J.) (quoting *Lowrance*, 20 F.3d at 537). As a result, Plaintiff has failed to allege facts plausibly suggesting that his administrative confinement was arbitrary or conscience-shocking in the constitutional

sense. *See Proctor*, 2008 WL 5243925, at *6.[7]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 61) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for judgment on the pleadings (Dkt. No. 44) is **GRANTED in part** and **DENIED in part** as follows:

(1) Defendants' motion is **GRANTED** without prejudice with respect to the following four claims:

    (a) Plaintiff's Fourteenth Amendment procedural due process claim to the extent that it is based on continued confinement to administrative segregation;

    (b) Plaintiff's Fourteenth Amendment substantive due process claim in its entirety;

    (c) Plaintiff's Fourteenth Amendment equal protection claim in its entirety; and

    (d) Plaintiff's Section 1983 conspiracy claim in its entirety; and

(2) Plaintiff is granted leave to file an **AMENDED COMPLAINT** correcting the deficiencies in the four claims described above in Paragraph "1" (and reasserting the two

---

[7] The Court notes also that, even if it found the allegations in Plaintiff's Complaint (coupled with the attached documents) plausibly suggest the occurrence of substantive due process violation, it could not find that Plaintiff's Complaint plausibly suggests that Defendants committed such a violation recklessly. *See Hudson v. Palmer*, 468 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property . . . ."); *Pena v. Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. . . . [N]egligently inflicted harm is categorically beneath the threshold of constitutional due process.") [internal quotation marks and citations omitted].

claims described below in Paragraph "5") within **THIRTY (30) DAYS** of the filing of this Decision and Order; and

(3) If Plaintiff fails, in his Amended Complaint, to so correct the deficiencies in the four claims described above in Paragraph "1," those claims shall be **DISMISSED with prejudice** without further Order of the Court; and

(4) <u>any Amended Complaint filed by Plaintiff must be a complete pleading, which will supersede his original Complaint in all respects, and which may not incorporate any portion of his original Complaint by reference</u>; and

(5) Defendants' motion is **DENIED** with respect to the remainder of Plaintiff's Complaint, specifically, the following two claims:

> (a) Plaintiff's Fourteenth Amendment procedural due process claim to the extent that it is based on Plaintiff's *initial* placement in administrative segregation; and
>
> (b) Plaintiff's Eighth Amendment conditions-of-confinement claim; and it is further

**ORDERED** that, upon receipt from Plaintiff of his Amended Complaint, the Clerk shall forward that Amended Complaint to the Magistrate Judge Lowe for further review. If plaintiff does not file an Amended Complaint within 30 days from the date of this order, this case is referred to Magistrate Judge Lowe to issue pretrial scheduling deadlines on the remaining claims as described in paragraph "5" above.

Dated: August 31, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

13